IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY DAWSON, | : | |
| Plaintiff, | : | 1:15-cv-1635 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SUPT. GLUNT *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

July 13, 2016

Plaintiff, Gregory Dawson ("Dawson" or "Plaintiff"), a state inmate who at all times relevant was confined at the State Correctional Institution at Rockview ("SCI-Rockview), Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983, naming as Defendants Superintendent Glunt ("Glunt"), Ted Williams ("Williams"), Dr. Itilia ("Itilia"), and Sergeant Kurtis ("Kurtis") (collectively referred to as "Corrections Defendants"), and Prison Health Services, Corzen ("Corzen").[1]  (Doc. 1, ¶¶ 2-5).

Presently pending are Corrections Defendants' motions (Docs. 20, 22) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and for summary judgment pursuant to Federal Rule of Civil Procedure 56.   Dawson

---

[1] According to Defendants, "Corzen" is believed to be an entity known as "Corizon," which is a company that formerly contracted with the Pennsylvania Department of Corrections.  (Doc. 21, p. 2).

failed to oppose the motions.  An Order issued on April 15, 2016, affording him until May 16, 2016, to oppose the motions and to respond to the statement of material facts. He has failed to oppose either motion or respond to the statement of material facts.  For the reasons that follow, the Court will decline to address the motion to dismiss and the unopposed motion for summary judgment will be granted in favor of the Corrections Defendants.

Although Corzen has not yet been served, the complaint against it will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) which states that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if it determines that (B) the action. . .  (ii) fails to state a claim on which relief may be granted. . .".

I.     Corizon

    A.    Standards of Review

A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted."  28 U.S.C. §1915(e)(2)(B)(ii).  The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)

In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); *see also Iqbal*, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"), *see also* FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### B.    Allegations of the Complaint

Dawson alleges that his dental bridge became loose and damaged.  (Doc. 1).
He seeks a replacement bridge.  Corzen is named as a Defendant in the caption of
the complaint.  There are no allegations against this Defendant contained in the
body of the complaint.  (*Id.*)

### C.    Discussion

A private corporation under contract to provide prison health services, such
as Corzen, may be liable under Section 1983 for actions taken under color of state
law.  *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Natale v.
Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).  However,
under Section 1983, like a municipality, a private corporation cannot be held
responsible for the acts of its employees under a theory of *respondeat superior*.
*Monell*, 436 U.S. at 691.  Instead, to establish liability, a plaintiff must demonstrate
that he suffered a constitutional violation as a result of the private corporation's
policy or custom.  *See B.S. v. Somerset Cnty.*, 704 F.3d 250, 275 (3d Cir. 2013)
(explaining that it is the plaintiff's burden to show "that a policymaker is
responsible either for the policy or, through acquiescence, for the custom").

Significantly, not all actions rise to the level of a custom or policy.  A policy
is made when a decision-maker who possesses final authority to establish policy

with respect to the action issues a final proclamation, policy or edict. *Kneipp*, 95 F.3d at 1212. Custom is an act that, although not specifically endorsed or authorized by law, is so well-settled and permanent as to have the force of law. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir.1990). Dawson fails to allege that Corizon had a custom or policy that caused deliberate indifference to his medical needs. *See McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir.2009) (noting that a *Monell* plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was"). Consequently, the complaint against this Corizon will be dismissed.

Affording Plaintiff the opportunity to amend would be futile.[1] The allegations of the complaint relate solely to the manner in which dental treatment was administered to Plaintiff; this is insufficient to establish *Monell* liability. *See Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (finding that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a

---

[1]An amendment is considered futile "if the [it] will not cure [any] deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

municipal policymaker."); *see also Doe v. Luzerne Cnty.*, 660 F.3d 169, 180 (3d

Cir. 2011); *see also Thomas v. Cianfrani*, No. 01–3096, 2009 WL 1704471, at *3-4

(E.D. Pa. June 18, 2009) (dismissing *Monell* claims against the city because the

plaintiff's allegations were "limited to the events directly relating to himself,"

which was not sufficient). Moreover, even if the complaint is liberally construed to

consider that Corzen may employ some or all of the medical personnel who treated

Dawson, as noted above, a private corporation cannot be held responsible for the

acts of its employees under a theory of *respondeat superior.*

## II.   Corrections Defendants

### A.   Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is "no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(a); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340

(3d Cir. 1990).  "[T]his standard provides that the mere existence of *some* alleged

factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no *genuine* issue of

*material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)

(emphasis in original).  A disputed fact is "material" if proof of its existence or

nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see also Harter v. G.A.F.*

7

*Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). The nonmoving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Service*, 214 F.3d 402, 407 (3d Cir. 2000). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## B.    Statement of Material Facts

"A motion for summary judgment filed pursuant to FED. R. CIV. P. 56 shall be accompanied by a separate, short and concise statement of the material facts . . . as to which the moving party contends there is no genuine issue to be tried." *See* L.R. 56.1. The opposing party shall file a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried. *Id.* "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *Id.* Because Dawson failed to oppose Defendants' statement of material facts (Doc. 23), all facts contained therein are deemed admitted.

The Pennsylvania Department of Corrections (DOC) "Inmate Grievance System" policy, DC-ADM 804, in effect at the relevant time, permitted an inmate to seek initial review of a grievance by a staff member. (Doc. 23, ¶¶ 7, 9). After initial review, the inmate could appeal to the Superintendent. (*Id.*) Upon completion of the initial review and the appeal to the Superintendent, an inmate then had the ability to seek final review with the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). (*Id.*)

On January 22, 2015, while incarcerated at SCI-Rockview, Dawson filed Grievance Number 548217, complaining of Defendants' failure to assist him with his loose dental bridge. (*Id.* at 1, 4). Upon initial review, Defendant Williams denied the grievance as frivolous based upon Dawson's failure to report for two dental appointments in January 2015. (*Id.* at 5). Dawson did not appeal the denial of his grievance to the Superintendent. (*Id.* at 6). Nor did he submit or file to Final Review any other grievances related to his complaint. (*Id.* at 13).

## C.    Discussion

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000).

Specifically, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  As the statute's language makes clear, the exhaustion of available administrative remedies prior to filing suit is mandatory.  *See Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp.2d 884, 894–95 (S.D.N.Y. 1998)).  Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts.  *See Small v. Camden County*, 728 F.3d. 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Woodford v. Ngo*, 548 U.S. 81, 90–92 (2006).  It requires compliance with the prison's "deadlines and other critical procedural rules."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements,

and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 211–212 (2007).

In the matter *sub judice*, Dawson failed to exhaust available administrative remedies in that he only sought initial review and did not avail himself of the appeal process.  Because Plaintiff has not exhausted his administrative remedies as required by the PLRA, his complaint will be dismissed.

## III.   Conclusion

For the foregoing reasons, the complaint against Corizon will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  The Court declines to address the Corrections Defendants' motion (Doc. 20) to dismiss, but will grant the unopposed motion (Doc. 22) for summary judgment.

A separate order will enter.